# EXHIBIT A

ELECTRONICALLY FILED - 2021 Jan 17 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2021CP210087

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | ) FOR THE TWELFTH JUDICIAL CIRCUIT<br>) |
| Russell R. McLeod,<br><br>             Plaintiff,<br>v.<br><br>Clarios, LLC,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)            **SUMMONS**<br>)<br>)<br>)<br>) |

TO:     DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action. A copy of the Complaint is attached to this Summons and is herewith served upon you. Your answer must be in writing and signed by you or your attorney and must state your address or the address of your attorney if signed by your attorney. Your answer must be served upon the undersigned attorneys for the Plaintiff within thirty (30) days after the service hereof, exclusive of the day of service, at 12019 Ocean Highway, Pawleys Island, South Carolina 29585.

YOU ARE HEREBY GIVEN NOTICE FURTHER that, if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, judgment by default will be rendered against you for the relief demanded in the Complaint.

**HOPKINS LAW FIRM, LLC**

s/ William E. Hopkins, Jr.
J. Clay Hopkins                    (SC Bar #102053)
clay@hopkinsfirm.com
William E. Hopkins, Jr.         (SC Bar #66474)
bill@hopkinsfirm.com
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
(843) 314-4202 – Telephone
(843) 314-9365 – Telephone

ELECTRONICALLY FILED - 2021 Jan 17 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100087

**JENNINGS & JENNINGS, P.A.**

William W. Wheeler, III     (SC Bar #16662)
wwheeler@jenningsfirm.net
1 Court House Square
Bishopville, South Carolina 29010
(803) 484-5454 – Telephone
(803) 484-6044 – Facsimile
*Attorneys for the Plaintiff*

January 7, 2021

Pawleys Island, South Carolina

ELECTRONICALLY FILED - 2021 Jan 17 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2021CP210087

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | ) FOR THE TWELFTH JUDICIAL CIRCUIT |
| | ) |
| Russell R. McLeod, | ) |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| v. | ) **(JURY TRIAL DEMANDED)** |
| | ) |
| Clarios, LLC, | ) |
| | ) |
| Defendant. | ) |

Russell R. McLeod (hereinafter "Plaintiff"), complaining of Clarios, LLC ("Defendant"), would respectfully show unto the Court the following:

## PARTIES

1. Plaintiff is a citizen and resident of Sumter County, South Carolina.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Wisconsin, and is duly registered and authorized to conduct business in South Carolina, and at all pertinent times herein, was doing business as Clarios, LLC located at 3046 Bill Crisp Boulevard in Florence County, South Carolina.

3. Defendant employed Plaintiff as a Production Supervisor at its battery manufacturing facility located in Florence County, South Carolina.

## VENUE AND JURISDICTION

4. Venue and jurisdiction is proper because the most substantial part of the acts or omissions giving rise to Plaintiff's cause(s) of action occurred in Florence County, South Carolina.

5. Plaintiff's claims arise under South Carolina law.

## FACTS

6. Plaintiff was employed by Defendant as a Production Supervisor. Plaintiff performed his job successfully and was at all times a qualified, if not exceptional, employee of

ELECTRONICALLY FILED - 2021 Jan 17 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100087

Defendant meeting the employer's expectations and demands and fulfilling all responsibilities and obligations of the position.

7. Beginning in February 2020, the coronavirus, or COVID-19, began to spread throughout the United States, including South Carolina and including Florence and surrounding counties.

8. Several employees of Defendant at the Florence facility began to contract the coronavirus, while others had family members or persons in their homes who had contracted the coronavirus, and others who had high-risk persons in their family or even living in their homes who were at substantial risk of death or serious injury if they contracted the virus.

9. Both the federal and South Carolina occupational safety and health acts contain General Duty Clauses. The federal clause is found at 29 U.S.C. § 654, under Section 5 titled "Duties". South Carolina's clause can be found in the Department of Labor, Licensing and Regulation's published regulations, and specifically in Regulation 71-112 which states:

   A. Employers shall maintain a place of employment which is free of recognized hazards which may cause death or serious physical harm to his employees and he shall comply with this regulation and other occupational safety and health rules and regulations promulgated under Chapter 15 of Title 41, Code of Laws, State of South Carolina, as amended.

10. In addition, South Carolina OSHA published a Workplace Guidance for Employers dated May 14, 2020. The guidance states in bold, red language that "All businesses must follow SC DHEC and CDC Guidelines, and SC OSHA Standards." The second recommendation stated in the Guidance requires that "any worker(s) who have close contact with a worker or any other person who is diagnosed with COVID-19 should be <u>required</u> to quarantine for at least 14 days after last exposure." (emphasis added).

11. In addition, SC DHEC published an Interim Guidance for Businesses and

ELECTRONICALLY FILED - 2021 Jan 17 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100087

Employers regarding COVID-19 and the workplace. Among other things, the DHEC Guidance requires employers to "Ensure that your sick leave policies are flexible and consistent with public health guidance and that employees are aware of these policies." The Guidance also states that if an employee is confirmed to have COVID-19, the employer must determine who had close contact with that employee and any such employees should be excused from work to complete a quarantine period ending 14 days after the last contact. Close contact means within 6 feet of the infected person for more than 10 minutes.

12. In accord with these directives and policies, the Defendant allowed employees who had been exposed to infected workers to take leave to quarantine without penalty or discipline. Usually, after presenting a negative test result, the employee could return to work.

13. In the middle of August 2020 Plaintiff went out of work for a short term medical leave period due to kidney stones. Plaintiff's first date of return was August 19, 2020 and Plaintiff arrived at the facility in time to begin his 7:00 shift.

14. Before beginning the shift, Plaintiff was informed that a production employee, whose name was provided to him, had tested positive for the coronavirus. As a result, all of the production employees, approximately 15, were summoned to a joint meeting and informed of the confirmed, positive diagnosis of their co-worker. Another supervisor, Ricky Council, then read aloud a letter provided by the Defendant's Human Resources Department. Defendant's letter stated all of the actions taken by Defendant to keep employees safe and to keep the workplace safe.

15. At the conclusion of the meeting, nearly all of the affected employees elected to go home and quarantine. Many employees stated they had elderly, high-risk persons and/or children in their home and could not risk exposing their loved ones to the virus and others stated they could not risk getting the virus themselves.

16. The actions of the employees did, in fact, align with the public policy and directives set forth by the South Carolina and federal government.

17. After most of the employees left the facility to quarantine as required, however, the Defendant was called in to a meeting with the plant HR representative Reggie Williams and the Plant Manager Jamie Haselden. Plaintiff was terminated by Defendant for allowing the employees to do just what the state and federal government directives and public policy required them to do.

18. Plaintiff was told by Haselden that he "failed as a manager" because he should have called each employee into a meeting individually and convinced them to stay at work despite the clear guidance and directives. Haselden told Plaintiff he "didn't use all of our weapons" to convince the employees to stay in contravention of the clear guidance and instructions. Plaintiff was not aware he had "weapons" to convince employees to remain at work despite the company's own guidance, in addition to state and federal guidance; what those "weapons" were; or that he should use such "weapons" to break the law or have employees do likewise. Haselden told Plaintiff there "was no reason for anyone to leave", despite the uncontroverted positive diagnosis of COVID-19 of another production employee and the SC DHEC and SC OSHA directives. Plaintiff was told he should have called or met with each individual employee and said or done whatever it took to convince the employee to remain at work. Haselden told Plaintiff he "lost control" of the production area and employees.

19. After his wrongful and unlawful termination, Defendant failed and refused to pay Plaintiff his last paycheck and failed to provide an accounting of wages owed to him as required by South Carolina law.

## FOR A FIRST CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

20.  Plaintiff realleges and restates all the allegations of the preceding paragraphs as if fully rewritten and restated herein verbatim.

21.  Defendant's actions constitute wrongful termination in violation of public policy.

22.  Specifically, Defendant retaliated against Plaintiff and terminated him for doing exactly as instructed by the State of South Carolina, SC DHEC, SC OSHA, the federal government, US OSHA, the CDC, and most importantly, the Defendant itself, for "allowing" all employees who had been exposed to the positive co-worker that they should (or must) go home and quarantine for 14 days from the last date of exposure.

23.  As a result of the intentional, willful and wanton acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of a better, more productive long-term career with Defendant and the loss of better wages, bonuses, benefits, and other compensation with such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress. Plaintiff seeks back pay, front pay, actual damages, liquidated damages, compensatory damages, punitive damages, prejudgment interest, attorneys' fees, and costs under this cause of action.

## FOR A SECOND CAUSE OF ACTION
### (Negligence Per Se)

24.  Plaintiff realleges and restates paragraphs 1 through 20 as if fully rewritten herein verbatim.

25.  The actions and conduct of Defendant are in violation of the statutes, regulations, ordinances, codes, guidelines and specifications of the State of South Carolina and the United

ELECTRONICALLY FILED - 2021 Jan 17 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100087

States. Specifically, Defendant's conduct is in violation of state and federal statutes and regulations concerning safe workplaces for employees and rules for requiring employees who were in close contact with a COVID-19 positive co-worker to quarantine for 14 days after the last date of exposure.

26. The Defendant's failure to comply with and ensure its employees compliance with all pertinent and applicable regulations, statutes, codes, industry standards, its own policies, and other guidelines and specifications constitutes negligence *per se* and gross negligence.

27. As a direct and proximate result of Defendants' negligence *per se*, the Plaintiff has suffered the loss of a better, more productive long-term career with Defendant and the loss of better wages, bonuses, benefits, and other compensation with such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress. Plaintiff seeks back pay, front pay, actual damages, liquidated damages, compensatory damages, punitive damages, prejudgment interest, attorneys' fees, and costs under this cause of action.

28. Upon information and belief, Plaintiff is entitled to judgment against the Defendant for actual damages and punitive damages for the Defendant's negligence *per se*.

## FOR A THIRD CAUSE OF ACTION
(Violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq.)

29. Plaintiff realleges and restates all the allegations of the preceding paragraphs as if fully rewritten and restated herein verbatim.

30. Plaintiff was not paid all wages due and payable.

31. Defendant willfully failed to pay Plaintiff wages which were due for wages due according to the law.

32. Plaintiff is informed and believes Defendant willfully violated the South Carolina Payment of Wages Act by failing to pay all wages due for all wages due in contravention of the statute.

33. Plaintiff brings this cause to remedy violations of the South Carolina Payment of Wages Act, which provides that an employer shall pay all wages due to the employee within the time frame set forth on the notification required by statute or within forty-eight (48) hours of the time the employment is terminated or the next regular payday, which may not exceed thirty (30) days. S.C. Code Ann. § 41-10-50.

34. Further, the Payment of Wages Act provides that in case of any failure to pay wages due to an employee as required by Section 41-10-40 or Section 41-10-50, the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the Court may allow. S.C. Code Ann. 41-10-80(C).

35. As alleged herein, Defendant has engaged and is engaging in ongoing material violations of the Payment of Wages Act in that it has failed to pay Plaintiff all wages due according to law. Defendant has thus deprived Plaintiff of rights granted to him under the Act, including his right to receive all wages due to her within the statutorily mandated time.

36. Defendant, without any legal right to do so, have unlawfully, willfully and intentionally and fraudulently withheld wages from Plaintiff in direct violation of law.

37. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of substantial damages, including lost wages.

ELECTRONICALLY FILED - 2021 Jan 17 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100087

38. Plaintiff is informed and believes he is entitled to judgment against the Defendant, for actual damages, treble damages and attorney's fees as permitted by statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks an Order or Orders granting the following relief:

a. Declaring that Defendant wrongfully terminated Plaintiff in violation of public policy;

b. Declaring that Defendant's conduct constitutes negligence *per se*;

c. Declaring that Defendant's actions were willful and wanton;

d. Awarding actual and compensatory damages for back pay, back benefits, front pay, and front benefits;

e. Declaring that Defendant violating the South Carolina Payment of Wages Act in the manner described herein;

f. Unpaid wages and treble damages pursuant to the South Carolina Payment of Wages Act;

g. Actual and compensatory damages for mental pain and suffering and emotional distress;

h. Punitive damages;

i. Pre-judgment interest and post-judgment interest, as provided by law;

j. Reasonable attorneys' fees and costs of the action; and

k. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Plaintiffs request a jury trial on all counts so triable.

ELECTRONICALLY FILED - 2021 Jan 17 12:53 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100087

**HOPKINS LAW FIRM, LLC**

*s/ William E Hopkins, Jr.*
J. Clay Hopkins         (SC Bar #102053)
clay@hopkinsfirm.com
William E. Hopkins, Jr.  (SC Bar #66474)
bill@hopkinsfirm.com
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
(843) 314-4202 – Telephone
(843) 314-9365 – Facsimile

**JENNINGS & JENNINGS, P.A.**

William W. Wheeler, III   (SC Bar #16662)
wwheeler@jennningsfirm.net
1 Court House Square
Bishopville, South Carolina 29010
(803) 484-5454 – Telephone
(803) 484-6044 – Facsimile

*Attorneys for the Plaintiff*

January 7, 2021

Pawleys Island, South Carolina